Sucesión de Ignacio Ramírez Cherena, demandante y apelada, *v.* Ramón Troche Rodríguez, Hermenegilda Ramírez Martínez y Gabino Ramírez Martínez, demandados y apelantes.

No. 4162. *Sometido: Febrero* 9, 1928. *Resuelto:* Abril 2, 1929.

*Carlos del Toro,* abogado de los apelantes; *A. Ortiz Toro* y *A Marín Marién,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Ramón Troche Rodríguez demandó en 1923 a su padre político Ignacio Ramírez Cherena cobrándole la cantidad de $3,000 y anotada la rebeldía del demandado y registrada por el secretario de la corte sentencia condenatoria fueron embargados y vendidos bienes del demandado que el márshal adjudicó al demandante por $2,000. Pocos meses después murió Ramírez Cherena y entonces algunos de sus hijos demandaron a los otros hijos que no quisieron ser demandantes y a Ramón Troche con el fin de que la corte declarase nula la sentencia registrada en el pleito de Troche, la venta de bienes y la adjudicación que fué hecha, alegando para ello que si bien es cierto que a Ramírez Cherena le fué entregada copia de la demanda al ser citado, no le fué entregada copia de la citación que se le hizo: que tal citación fué hecha a Ramírez Cherena sigilosamente, siendo entonces él de avanzada edad y estando incapacitado por degeneración mental producida por senilidad: y que las alegaciones de la de-

manda de Troche son falsas porque Ramírez Cherena nada le debía.

Ramón Troche fué el único demandado que compareció en el pleito para oponerse a la demanda y formuló contrademanda para que los hijos de Ramírez Cherena como herederos suyos le pagaran los $1,000 y sus intereses que han quedado sin satisfacer de la sentencia, otra cantidad que era en deberle Ramírez, y cien pesos que pagó por su entierro. Los demandantes contestaron la contrademanda oponiéndose a la misma, y celebrado el correspondiente juicio recayó sentencia declarando con lugar la demanda y sin lugar la contrademanda, y en su consecuencia nulas la sentencia, la venta y la adjudicación de bienes hecha en el pleito de Troche, con las costas a éste, quien interpuso el presente recurso de apelación contra la sentencia, alegando como uno de los motivos para sostener su recurso que no está sostenida por la prueba, siendo contraria a la ley y a los hechos.

█ Como los apelados admitieron en su demanda que Ramírez Cherena fué citado en el pleito de Troche contra él y que le fué entregada copia de la demanda sólo cabe considerar y decidir si le fué entregada copia de su citación como requieren los artículos 92 y 93 del Código de Enjuiciamiento Civil, enmendado el primero en 1911 y posteriormente en 1915, en los que se trata de la manera de hacer las citaciones de los demandados.

De la prueba resulta que según el diligenciamiento del emplazamiento librado para la citación de Ramírez Cherena en el pleito que contra él siguió Troche y que fué practicado y jurado por Juan Caraballo, éste entregó a dicho demandado una copia de dicho emplazamiento, lo que por sí solo hace surgir la presunción de que fué entregada esa copia, y si esto no ha sido así es cuestión de hecho que debe ser probada. Para destruir los demandantes dicha presunción presentaron en el juicio a Juan Caraballo como testigo suyo. El declaró que llevó un emplazamiento a Ramírez Cherena y se lo entregó. Preguntado si entregó copia de la demanda

contestó: "copia de la demanda." Entonces le preguntaron los demandantes si lo único que entregó fué copia de la demanda y contestó que sí. Preguntado nuevamente si lo único que le entregó fué copia de la 'demanda contestó: "de una demanda." Vuelto a preguntar si no le .dejó copia 'de ningún otro documento dijo que no entendía eso de emplazamiento y documentos. Preguntado qué fué lo que entregó dijo: "un emplazamiento," insistiendo en estar seguro de eso. Después de lo expuesto le preguntó el abogado de los demandantes si recordaba haber suscrito una declaración jurada ante un notario respecto a ese emplazamiento y contestó que sí. Esa declaración jurada fué prestada antes de iniciarse este pleito, fué presentada como prueba por los demadantes y admitida por la corte con la oposición de los demandados y en ella aparece diciendo Caraballo, entre otras cosas, que leyó el emplazamiento a Ramírez Cherena, no dejándole copia del mismo. Le fué leída para refrescar su memoria y dijo respecto de ella 'que la suscribió ante un notario y fué redactada por el abogado de los demandantes a quien no dió esa información. También declaró que dicho abogado lo vió el día antes del juicio y le mostró esa declaración, diciéndole el testigo que sostendría parte de la misma. A repreguntas del abogado de Troche y después de examinar el emplazamiento que está en el pleito cuya nulidad se ventila ahora, dijo que un emplazamiento igual lo entregó a Ramírez Cherena; contestando a otra repregunta manifestó que entregó copia del emplazamiento independientemente de la copia de la demanda. Este testigo fué llamado a declarar por segunda vez por los demandantes sin que hiciera manifestación alguna favorable a ellos y en repreguntas dijo ser verdad lo que dice el diligenciamiento del emplazamiento. Declaró también como testigo el abogado de los demandantes, manifestando que escribió en maquinilla la declaración jurada de Caraballo de acuerdo con lo que éste le dijo. Declararon otros testigos, pero sus manifestaciones nada tienen que ver con la cuestión que estamos tratando,

pues sólo uno de ellos manifestó que fué encontrada en el ropero de Ramírez Cherena en los días inmediatos a su muerte copia de la demanda de Troche. Resulta de la prueba que Caraballo ha hecho también citaciones en otros pleitos y que es un joven vendedor ambulante de periódicos no muy entendido en estos asuntos.

El haber entregado los demandantes a su abogado la copia de la demanda de Troche y no de la citación, hecho que puede ser debido a distintas causas, es lo que a nuestro modo de ver hizo surgir la idea de que tal copia no fué entregada a Ramírez Cherena, que culminó en la declaración jurada que prestó Caraballo ante un notario.

Como los apelados han admitido que Ramírez Cherena fué citado por Caraballo en el pleito de Troche y que le entregó copia de la demanda de Troche, entendemos que no es suficiente la prueba que ha sido presentada para destruir el diligenciamiento jurado del emplazamiento hecho por Caraballo en el que se afirma que entregó a Ramírez Cherena copia de la citación, pues si bien es cierto que en la declaración jurada por Caraballo se dice que no entregó tal copia, también lo es que en el juicio declaró que entregó dicha copia y que es verdad cuanto dice el diligenciado del emplazamiento. Hay que suponer que con el emplazamiento le fué entregada copia de él para el demandado, y no se ha demostrado qué interés tuviera en no entregar esa copia, cuando en verdad hizo la citación y entregó copia de la demanda a Ramírez Cherena, quedando éste así enterado de que Troche lo había demandado. Por otra parte, dadas las condiciones personales de Caraballo y su falta de conocimiento claro de esa clase de asuntos no hemos de extrañar que dijese en su declaración jurada ante el notario (*affidavit*) que no había entregado copia de la citación, pues no parece conocer claramente lo que eso significa, pero sobre todo esto él declaró repetidas veces en el tribunal que entregó esa copia y que es cierto cuanto dice el diligenciamiento del emplazamiento, por lo que su declaración en el juicio confirma que la copia

fué entregada. Además, si se llegara a la conclusión de que cometió perjurio en su declaración jurada ante el notario, su testimonio no sería suficiente para destruir la presunción de verdad que tiene el diligenciamiento del emplazamiento y habría una falta absoluta de prueba por parte de los demandantes en cuanto al fundamento principal de la demanda. Por todo lo expuesto llegamos a la conclusión de que la corte inferior cometió un manifiesto error al estimar que los demandantes probaron la nulidad del emplazamiento de Ramírez Cherena y al declarar, por tanto, con lugar la demanda.

Es cierto que los demandantes alegaron también que la citación fué hecha sigilosamente a Ramírez Cherena, que era un hombre de avanzada edad y por ello en estado de incapacidad mental, pero aun admitiendo todo eso no es motivo de nulidad de la citación, porque la persona que la hace no está obligada a practicarla ante otras personas ni a hacer una investigación sobre si la persona que ha de ser citada está incapacitada o no; aparte de que la preponderancia de la prueba es que aunque Ramírez Cherena era un viejo, sin embargo se entendía en sus asuntos.

También alegaron los demandantes que Ramírez Cherena no debía a Troche la cantidad que le reclamó en su demanda, pero ésta era cuestión para ser alegada en el pleito de Troche y no es germana con la de nulidad de citación. Por igual razón tampoco era procedente la contrademanda de Troche, porque en pleitos de la naturaleza del presente no es procedente una contrademanda en cobro de dinero, con mayor motivo en este caso en el que una de las reclamaciones hechas en la contrademanda es por dinero cuyo pago ha sido declarado por sentencia.

*Por los motivos expuestos la sentencia apelada debe ser revocada en cuanto declara con lugar la demanda y en lo relativo a la imposición de las costas, dictándose otra declarando sin lugar la demanda y la contrademanda, sin especial condena de costas.*