MANUEL A. HOSTOS Y BERNARD, demandante, apelante y apelado, *v.* FRANCISCO LARRAZABAL RENTERÍA y JOAQUINA DAUBÓN, demandados apelados y apelantes.

No. 5690.—*Sometido:* Marzo 17, 1932. *Resuelto:* Julio 19, 1933.

*R. H. Blondet,* abogado del apelante apelado; *Angel A. Vázquez,* abogado de· los apelados apelantes.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Francisco Larrazabal siguió un procedimiento ejecutivo hipotecario contra Manuel A. Hostos y Bernard para cobrarle cierto dinero que siendo vecino de Bayamón garantizó con hipoteca sobre un solar con casa radicado en dicha población; procedimiento que terminó con la venta en subasta de la finca urbana hipotecada y su adjudicación al acreedor ejecutante, quien tomó posesión de ella y a cuyo nombre fué inscrita en el registro de la propiedad. Ocho años después de esos

hechos demandó Manuel A. Hostos y Bernard a Francisco Larrazabal y a su esposa Joaquina Daubón para que ese procedimiento ejecutivo y la adjudicación de la finca en pago de su deuda sean anulados y le sea devuelta la casa con sus frutos y costas, para lo que alegó los precedentes hechos y que dicho procedimiento ejecutivo hipotecario está viciado de nulidad porque el demandado en él, Manuel A. Hostos y Bernard, nunca fué requerido ni apercibido personalmente según determina el artículo 171 de la Ley Hipotecaria vigente por ningún funcionario de la Corte de Distrito del Distrito Judicial de San Juan, a pesar de que en la fecha en que se radicó el procedimiento ejecutivo hipotecario y en la que debió tener efecto el requerimiento vivía en Bayamón y de que estaba en aquella fecha en posesión de la finca hipotecada. Los demandados se opusieron a esa reclamación alegando excepciones previas, contestando y formulando ciertas defensas. Celebrado el juicio correspondiente la corte dictó sentencia declarando sin lugar la demanda, pero algunos días después y por propia iniciativa dejó sin efecto esa sentencia y, después de oír nuevamente a las partes, dictó otra cuatro meses después por la que declaró con lugar la demanda sin frutos y sin costas. De esta sentencia apeló el demandante en cuanto no le concede los frutos y las costas: los demandados solicitaron de la corte que dejara sin efecto esa sentencia, cuya petición le fué negada, y contra esta resolución y contra la sentencia interpusieron apelación. Los tres recursos han sido tramitados conjuntamente.

Daremos preferencia a los recursos de los demandados porque si son sostenidos los dos o alguno de ellos será innecesario tratar la apelación del demandante, ya que si la demanda no puede prosperar no tendrá derecho por concepto alguno a los frutos y costas que reclama.

La cuestión fundamental en este pleito está comprendida en el motivo de apelación que lee así:

"La corte erró al declarar con lugar la demanda en cuanto a la restitución de la finca se refiere, ya que no hay alegación ni eviden-

cia por parte del demandante suficiente para declarar como un hecho probado que el márshal no requirió de pago a Manuel A. Hostos Bernard en el procedimiento ejecutivo hipotecario que motiva este pleito, y a pesar de que los demandados alegaron y justificaron con prueba *aliunde* que ese requerimiento de pago le fué hecho a Hostos por el márshal con todos los requisitos de ley.''

El diligenciado del márshal obrante en el juicio ejecutivo de Larrazabal respecto a requerimiento de pago al demandado dice así:

''CERTIFICADO DEL DILIGENCIAMIENTO DEL MÁRSHAL.—DISTRITO SEGUNDO.—CERTIFICO: Que en cumplimiento del presente mandamiento para requerir el día 18 de noviembre de 1922, en Bayamón, P. R., requerí por conducto de su hija Rosalina Hostos de Montes, a don Manuel A. Hostos Bernard, para que dentro del término de treinta días pague al demandante don Francisco Larrazabal y Rentería, la cantidad de $1,000.00 (mil dollars) de principal, $50.00 (cincuenta dollars) de intereses vencidos y no pagados, correspondientes a los meses que vencieron el 27 de mayo, junio y a razón del 12% anual, de $21.60 (veinte y un dollars con sesenta centavos) de seguro contra incendio de la finca hipotecada, pagados por el demandante, de los demás intereses que se devenguen al tipo estipulado desde el día 28 de setiembre de 1922 hasta pago total del crédito, y de un crédito adicional de $300.00 (trescientos dollars) designado para intereses, costas, gastos y honorarios de abogado, apercibiéndolo de que si así no lo verificara, la Hon. Corte procederá a expedir un mandamiento al Márshal que suscribe para que venda en pública subasta la finca referida hipotecada y pague con su producto las cantidades en esta orden especificadas, al demandante. Fué entregada al demandado, una copia fiel de este mandamiento.—San Juan, P. R., noviembre 18 de 1922.—(Fdo.) Manuel Náter Girona, Márshal, Corte de Distrito, Segundo Distrito, por Martín Márquez, Márshal Auxiliar.

''Y certifico que el día 19 de noviembre de 1922 personalmente requerí de nuevo al demandado en Bayamón, P. R., manifestándome el demandado que había recibido por conducto de su hija Rosalina los documentos de esta notificación, y que vería si pagaba las cantidades adeudadas dentro de los treinta días.—San Juan, P. R., Manuel Náter Girona, Márshal, por Martín Márquez, Sub-Márshal. —(Hay cancelados sellos de Rentas Internas por valor de $1.00).''

Enumera el artículo 169 del reglamento de la Ley Hipote-

caria los documentos que se acompañarán con el escrito inicial del procedimiento ejecutivo, entre los cuales ha de figurar una certificación expedida por el registrador: el 170 dispone que el juez examinará el escrito y los documentos y que si considera cumplidos los requisitos legales dictará auto mandando requerir de pago a los que, según la certificación del registro, estuvieren en posesión de los bienes hipotecados; y el 171 dice, en parte, que cuando todos los bienes hipotecados estén en manos de un solo poseedor, según la certificación del registro, el requerimiento de pago se entenderá con él en su domicilio si reside en el término municipal donde radique alguno de dichos bienes. En este caso se hizo constar en la escritura de hipotecas que Manuel A. Hostos y Bernard tenía su domicilio en Bayamón, que es donde radica la casa que fué objeto del presente ejecutivo hipotecario que instituyó Larrazabal contra él, domicilio que se alega tenía también en la fecha de la ejecución, y por tanto tenía que ser requerido personalmente de pago Manuel A. Hostos y Bernard; y del certificado del márshal fecha 19 de noviembre de 1922 aparece que lo requirió de pago personalmente.

El deudor hipotecario niega en este pleito que fuera requerido de pago.

Los certificados hechos por los márshals en el cumplimiento de sus deberes tienen en muchas jurisdicciones de los Estados Unidos absoluta fuerza probatoria en cuanto a dicho funcionario y a las partes del procedimiento en que fué expedido y no es admisible prueba oral para contradecirlos. En otras existen estatutos que como la sección 1230 de nuestros Estatutos Revisados de 1911, declaran que las constancias del márshal sobre diligencias de entrega constituyen una prueba prima facie de los hechos allí contenidos. Por consiguiente, puede presentarse prueba para contradecirlos.

Respecto de las pruebas de las partes, la corte inferior en la opinión que escribió para fundar la sentencia que ha sido apelada dice lo siguiente:

"El día 10 de setiembre de 1930 se celebró la vista de este caso,

habiéndose presentado por el demandante como prueba una copia certificada del requerimiento que antes se transcribe en esta opinión y la declaración del demandado, quien niega haber sido jamás requerido por el márshal en dicho procedimiento ejecutivo, declarando además que la Sra. Rosalina Hostos de Montes que se menciona en dicho requerimiento es su hermana y no su hija, como se expresa en dicho documento.

"Declaró por el demandado el submárshal de la Corte de Distrito de San Juan, Sr. Márquez, quien diligenció dicho requerimiento y declaró que como hacía ocho años que se había diligenciado dicho requerimiento él no podía recordar exactamente la persona del demandado a quien requirió, y presentándosele por el abogado del demandante al Sr. Manuel A. Hostos Bernard, declaró el submárshal que dicho señor se le parecía al que él requirió, no estando seguro de que lo fuera por el tiempo transcurrido desde dicho requerimiento a la fecha en que se celebró el juicio.

"Declaró además el submárshal que había entregado a dicho demandado el día 19 de noviembre de 1922 copia de todos los procedimientos en dicha ejecución hipotecaria y que le había apercibido de que se vendería en pública subasta la finca hipotecada en caso de que no pagase dentro del término legal las cantidades reclamadas en la demanda.

"La parte demandante presentó prueba de *rebuttal* consistente en la declaración del testigo Pedro A. Ortiz, quien manifestó que en cierta ocasión el submárshal Sr. Márquez, en la oficina del abogado del demandante, Sr. Blondet, y en presencia del testigo manifestó al Sr. Blondet que la persona a quien había requerido de pago en dicho procedimiento ejecutivo fué al padre del ahora demandante, Manuel A. Hostos, o sea, el Sr. Manuel S. Hostos, que era la persona a quien el submárshal conocía."

La prueba así consignada es un fiel resumen de la a que ella hace referencia. También declaró el Sr. Blondet, abogado del demandante, en parecidos términos al testigo Ortiz.

Con esa prueba la corte inferior llegó a la conclusión siguiente:

"De la prueba presentada y por la forma en que declaró el submárshal, claramente aparece que el demandado, Manuel A. Hostos y Bernard, no fué requerido de pago y que el márshal al hacer el diligenciamiento, debido a la identidad del nombre del demandado con

el de su padre, Manuel S. Hostos, requirió al padre del demandado en el procedimiento ejecutivo objeto de este pleito.''

En vista de ella declaró con lugar la demanda de nulidad del ejecutivo y ordenó que los demandados restituyan al demandante el dominio de la casa en cuestión.

Entendemos que la prueba en este caso no es suficiente para sostener la conclusión a que llegó la corte sentenciadora. Es claramente insuficiente para concluir que el márshal hizo el requerimiento de pago al padre de Manuel A. Hostos Bernard y no a éste. El hecho de que el submárshal no contestase categóricamente que el demandante es la persona a quien hizo el requerimiento de pago nada tiene de raro, pues es posible suponer que después de ocho años no pueda afirmar positivamente que es la persona a quien se refiere su certificado, aunque se le parece, pues es bastante frecuente que la persona que ve a otra una sola vez no puede después de mucho años afirmar rotundamente que es la misma. Además, como se dice en 50 Corpus Juris 578, 579:

''En vista del peso que en evidencia se concede a un diligenciamiento y de las presunciones en su favor, se requiere prueba clara, inequívoca y convincente para anular un diligenciamiento y destruir las manifestaciones y aseveraciones en él contenidas; y la mera preponderancia de prueba en favor de la persona que contradiga un diligenciamiento, de ordinario es insuficiente. Sin embargo, no se requiere prueba más allá de una duda.

''De conformidad con la regla que exige prueba clara y convincente para impugnar un diligenciamiento, éste no puede ser controvertido por el testimonio no corroborado de la parte a quien el funcionario hace constar hizo el emplazamiento, o de cualquier otro testigo, aunque el funcionario no se recuerde de la notificación; y no basta ni es suficiente la declaración de otros demandados de que ellos no fueron notificados.''

Por nuestra parte en un caso similar al presente, el de *Sucn. Ramírez Cherena* v. *Troche,* 39 D.P.R. 398, dijimos lo siguiente:

''Además, si se llegara a la conclusión de que cometió perjurio en su declaración jurada ante el notario, su testimonio no sería su-

ficiente para destruir la presunción de verdad que tiene el diligenciamiento del emplazamiento y habría una falta absoluta de prueba por parte de los demandantes en cuanto al fundamento principal de la demanda. Por todo lo expuesto llegamos a la conclusión de que la corte inferior cometió un manifiesto error al estimar que los demandantes probaron la nulidad del emplazamiento de Ramírez Cherena y al declarar, por tanto, con lugar la demanda.''

*La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda sin especial condena de costas.*

El Juez Asociado Sr. Hutchison disintió.*

El Juez Asociado Sr. Córdova Dávila no intervino.